UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL G. ATAMIAN, ) | 1:07cv0025 AWI DLB |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. ) | |
| ALAN SIMPSON, ) | |
| Defendant. ) | |

Plaintiff, appearing pro se, filed the instant civil rights complaint on January 5, 2007. Plaintiff names Fresno County Superior Court Judge Alan Simpson as Defendant and alleges that Judge Simpson's rulings violated his First and Fourteenth Amendment rights.

DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

B.  Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.  Plaintiff's Allegations

From the complaint, it appears that Plaintiff was involved in a medical malpractice action in the Fresno County Superior Court. The action was brought by his sister, Margaret Berberian, who passed away some time during the action. Plaintiff and George Berberian, Ms. Berberian's son and administrator of her estate, moved to amend the complaint to add themselves as plaintiffs.

Mr. Berberian appeared before Judge Simpson on May 2, 2006. During the hearing, Plaintiff alleges that Judge Simpson coerced and intimidated Mr. Berberian by commenting that the case would be dismissed if Mr. Berberian did not obtain representation. Plaintiff made his first appearance before Judge Simpson on June 29, 2006. Judge Simpson denied Plaintiff's ex parte application to amend the complaint. Plaintiff argues that he had a right to amend the complaint and that Judge Simpson, by refusing to permit the amendment, "unlawfully neglected" to perform the duties of his office and denied Plaintiff "from the enjoyment of a right to which [he is] entitled." Complaint, at 4.

Judge Simpson dismissed the complaint on August 8, 2006. Plaintiff states that an appeal before the Fifth District Court of Appeals is pending.

Plaintiff alleges that Judge Simpson denied his rights to due process and equal protection by denying the application to amend. He argues that he should have been able to amend the

complaint without leave of court because the defendant had not yet answered.  He further contends that Judge Simpson violated his constitutional rights by not allowing him to proceed pro se.

For relief, Plaintiff requests that this Court (1) "determine the accuracy and the truth of the bizarre behavior of Judge Alan Simpson;" (2) recognize that Plaintiff did not need leave of court to file the amendment; (3) remand the case to the Superior Court; (4) give an award it deems just; and (5) recognize that pro se litigants "are not taken with the same standards as the practicing attorneys. . ."  Complaint, at 10.

D.     Analysis

Plaintiff's complaint must be dismissed without leave to amend because the only named Defendant, Judge Simpson, is entitled to absolute immunity.  Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). Plaintiff's complaint is essentially an attack on Judge Simpson's decisions made in the context of his sister's civil case.  Even assuming that Plaintiff has standing to complain about such actions, Judge Simpson's decisions were made within the jurisdiction of his court, therefore entitling him to absolute immunity.  As the Supreme Court has explained, "[j]udicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1988).  Plaintiff's allegations are exactly the type of allegations that the doctrine of immunity seeks to avoid.

Foreseeing the Court's response to Plaintiff's complaint, he contends that Judge Simpson is not entitled to judicial immunity because he acted outside of his judicial capacity during the June 29, 2006, hearing.  Plaintiff alleges that before the hearing, Judge Simpson acted in a "bizarre and aberrant" manner by (1) introducing himself by shaking Plaintiff's hand; and (2) staying in court "a long time" and "perform[ing] body languages portraying the sign of 'waking up from the sleep.'"  Complaint, at 5.  These actions, allegedly occurring before court was in session, are far from sufficient to remove Judge Simpson's entitlement to absolute immunity.

1  Moreover, the transcript of the June 29, 2006, hearing reveals nothing out of the ordinary.
2  Exhibit A, attached to Complaint.
3      The Court also notes that Plaintiff requests relief that this Court cannot provide.  This
4  Court does not have jurisdiction over the Fresno County Superior Court and therefore cannot
5  remand the case as Plaintiff requests.  Insofar as Plaintiff seeks remand, his remedy is to appeal
6  the dismissal of the action.  According to Plaintiff, the appeal is pending.

## RECOMMENDATION

8      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED
9  WITHOUT LEAVE TO AMEND.
10     These findings and recommendations will be submitted to the Honorable Anthony W.
11 Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after
12 being served with these findings and recommendations, the parties may file written objections
13 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
14 and Recommendations."  The parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
16 F.2d 1153 (9th Cir. 1991).

18     IT IS SO ORDERED.
19     Dated:   **January 16, 2007**         /s/ **Dennis L. Beck**
       3b142a                                UNITED STATES MAGISTRATE JUDGE

4