# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GABRIEL G. ATAMIAN, | ) | 1:07cv0025 LJO DLB |
| | ) | |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| v. | ) | (Document 13) |
| | ) | |
| ALAN SIMPSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff George G. Atamian ("Plaintiff"), appearing pro se, filed the instant civil rights complaint on January 5, 2007.  On January 17, 2007, the Magistrate Judge issued Findings and Recommendation that the action be dismissed without leave to amend for Plaintiff's failure to state a claim for which relief can be granted.  The Court adopted the Findings and Recommendation and dismissed the action on February 28, 2007.

    On March 14, 2007, Plaintiff filed the instant motion for reconsideration of the Court's February 28, 2007, order pursuant to Federal Rule of Civil Procedure 60(b).

## **LEGAL STANDARD**

    Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment based on specific grounds such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied

or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. <u>School Dist. No. 1J Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiff contends that he has newly discovered evidence in the form of a transcript of the July 11, 2006, Fresno County Superior Court hearing at which Plaintiff was not present. He contends that he received this evidence for the first time on January 16, 2007, eleven days after filing his action. He further contends that the evidence supports a cause of action against Judge Simpson for obstructing justice and intimidating a party in violation of 42 U.S.C. § 1985(2).

To obtain relief under Rule 60(b)(2), Plaintiff must show (1) that the new evidence is "newly discovered evidence" within the meanings of Rules 60(b)(2) and 59; (2) that he exercised "due diligence" to discover this evidence; and (3) that the newly discovered evidence is of such magnitude that production of it earlier would have been likely to change the disposition of the case. <u>Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.</u>, 833 F.2d 208, 211 (9th Cir. 1987).

Plaintiff has failed to make this showing. First, he does not explain why he just recently received a copy of the transcript, nor does he explain if and how he attempted to obtain the evidence at an earlier date.

Second, the evidence certainly is not of such a magnitude that, had it been available earlier, would have likely changed the outcome of Plaintiff's action. The transcript, attached as Exhibit A, contains Judge Simpson's account of a prior hearing. He states:

> "[Plaintiff] got really agitated. It's probably not reflected clearly in the record because one had to see his physical demeanor, but he became upset to the point that my Bailiff, my Deputy, called for assistance, and that's why the other deputy came into the courtroom and through the back – well, the front door of the courtroom and sat down in the – in the spectator section and waited for the hearing to be over and then indicated in a nice way, I understand, that he would walk [Plaintiff] out."

Believing that it was an "innocuous kind of thing," Judge Simpson continued, "[b]ut he was upset, -- I'll say that – very upset and somewhat unstable, it looked like."

Based on Judge Simpson's words, Plaintiff argues that he can now state a claim for obstructing justice and intimidating a party in violation of 42 U.S.C. § 1985(2). He contends that Judge Simpson, through his deputy, intended to intimidate him in this action and future actions,

1 and destroy his "standing and image as a decent American citizen." Motion, at 2. He further
2 argues that Judge Simpson should never have described Plaintiff as "somewhat unstable"
3 because the Judge is not a psychiatrist. In order to avoid judicial immunity, Plaintiff contends
4 that the above statements constitute non-judicial acts.

5 Plaintiff's evidence, however, is nothing more than a judge describing his interpretation
6 of events in his courtroom. Certainly, a judge, or his staff, is entitled to call for protection when
7 there is an indication that the situation may become dangerous, and doing so is no indication that
8 Judge Simpson intended to intimidate Plaintiff or obstruct justice in any way. Plaintiff was
9 allowed to participate fully in the hearing, despite his contention that the presence of a deputy
10 was intimidating. Similarly, Judge Simpson's description of Plaintiff as "somewhat unstable"
11 was simply a description for the record and does not support Plaintiff's contentions. Nor do any
12 of these actions or statements constitute non-judicial acts so as to waive Judge Simpson's
13 absolute immunity.

14 In any event, the evidence is certainly not of the magnitude that had it been presented
15 previously, Plaintiff's case would not have been dismissed. Plaintiff therefore fails to
16 demonstrate that this evidence warrants relief from the Court's February 28, 2007, order
17 dismissing the action. Plaintiff's motion is DENIED.

19 IT IS SO ORDERED.

20 **Dated:   March 27, 2007**           **/s/ Lawrence J. O'Neill**
   b9ed48                                       UNITED STATES DISTRICT JUDGE

3